UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY ROSCHIVAL,           CIVIL ACTION NO. 15-10182

    Plaintiff,          HON. LAURIE J. MICHELSON

v

MELANY GAVULIC and
HURLEY MEDICAL CENTER,

    Defendants.

LAW OFFICE OF GLEN N. LENHOFF
BY:   GLEN N. LENHOFF (P32610)
       MICHAEL E. FREIFELD (P48198)
328 South Saginaw Street
8th Floor, North Building
Flint, Michigan  48502
(810) 235-5660

## FIRST AMENDED COMPLAINT
## AND JURY DEMAND

**PARTIES AND JURISDICTION**

NOW COMES Plaintiff, Nancy Roschival, by and through her attorney, the Law Office of Glen N. Lenhoff, and hereby complains of Defendants, Melany Gavulic and Hurley Medical Center, as follows.

1.    Plaintiff, Nancy Roschival (hereinafter Plaintiff), is a resident of the County of Genesee, State of Michigan.

2.    Defendant, Melany Gavulic (hereinafter "Defendant Gavulic"), is a resident of the State of Michigan within the Eastern Judicial District of Michigan.

3.    Defendant Hurley Medical Center (hereinafter Defendant Hurley) is a

1

publicly owned hospital which is a component of the City of Flint, Michigan.

4. Defendant Gavulic was the Chief Executive Officer (CEO) of Hurley Medical Center at all times pertinent to this lawsuit. Defendant is being sued in this case in her individual capacity.

5. In light of the foregoing, venue is proper in the United States District Court for the Eastern District of Michigan under 28 USC §1392(c).

6. This Court has subject matter jurisdiction over this case based on federal question jurisdiction codified in 28 USC §1331, as well as 42 USC §1343 because this is a 42 USC §1983 case.

## GENERAL ALLEGATIONS

7. Plaintiff is a Caucasian female.

8. In February 1995, Plaintiff became employed full-time with Defendant Hurley.

9. In December 2010, Plaintiff was in the position of Human Resources Service Center Advisor which was an exempt, classified services position with Defendant Hurley.

10. In November 2013, Plaintiff was in the position of Human Resource Coordinator I which was also an exempt, classified services position with Defendant Hurley. Plaintiff remained in this position until her discharge in August 2014.

11. When Plaintiff entered the exempt, classified services positions with Defendant Hurley, Defendant Hurley promised Plaintiff that she would not be discharged without good cause.

12.     Furthermore, Defendant Hurley's written policies clearly indicate that Plaintiff was not an at-will employee, but was instead entitled to good cause job security.

13.     As an exempt classified services employee, Plaintiff was not an at-will employee, but was instead a good cause employee.

14.     In November 2013, Plaintiff was in the position of Human Resource Coordinator I, which was an exempt classified services position with Defendants. Plaintiff remained in this position until her discharge in August 2014.

15.     Plaintiff, at all times pertinent hereto, was qualified for said position of Human Resource Coordinator I.

16.     Plaintiff performed the said position in a diligent and skillful manner.

17.     On July 31, 2014, Plaintiff was informed that her position was being eliminated by Defendants.

18.     With respect to said alleged "lay-off", Defendants failed to follow the policies and procedures concerning lay-offs outlined in Hurley Medical Center Exempt Employee Handbook which Defendants were required to follow.

19.     According to Defendant Hurley's Exempt Employee Handbook, which Defendant Gavulic was required to abide by and follow, Plaintiff's African-American co-worker, Jamal Dozier, should have been laid-off.

20.     Plaintiff was terminated by Defendants on August 14, 2014.

21.     A substantial causative factor in Defendants' decision to discharge Plaintiff was Plaintiff's race.

22.     Plaintiff has suffered economic loss and emotional distress damages as a result of her termination.

### COUNT I. 42 USC §1983 CLAIM AGAINST DEFENDANT GAVULIC WITH RESPECT TO PLAINTIFF'S TERMINATION

23.     Plaintiff hereby realleges and incorporates by reference the preceding paragraphs.

24.     Defendant Gavulic acted under color of law with respect to Plaintiff's termination.

25.     Defendant Gavulic terminated Plaintiff in substantial part because of Plaintiff's race.

26.     Thus, Defendant Gavulic violated Plaintiffs' rights under the equal protection clause of the United States Constitution.

27.     Therefore, Plaintiff asserts a 42 USC §1983 racial discrimination claim against Defendant Gavulic.

### COUNT II – WRONGFUL DISCHARGE CLAIM AGAINST DEFENDANT HURLEY BASED ON DEFENDANT HURLEY'S DISCHARGE OF PLAINTIFF WITHOUT GOOD CAUSE

28.     Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs.

29.     Under Michigan law, Plaintiff was a good cause employee, rather than an at-will employee.

30.     In fact, Plaintiff was discharged without good cause.

31.     Thus, Plaintiff hereby asserts a wrongful discharge claim.

### COUNT III – WRONGFUL DISCHARGE CLAIM AGAINST DEFENDANT HURLEY BASED ON DEFENDANT HURLEY'S BREACH OF REPRESENTATIONS CONCERNING JOB SECURITY AND LAYOFF

32. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs.

33. Defendant Hurley made representations to Plaintiff regarding job security and layoffs.

34. Defendant Hurley failed to adhere to the said representations concerning job security and layoffs.

35. Under the Michigan Wrongful Discharge Doctrine, Defendant Hurley was obligated to adhere to the representations Defendant Hurley made concerning job security and layoffs.

36. Because Defendant Hurley violated its job security and layoff representations, Plaintiff hereby asserts a wrongful discharge claim against Defendant Hurley.

### COUNT IV – MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT MCLA §37.2202 RACE DISCRIMINATION CLAIM AGAINST DEFENDANTS

37. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs.

38. Plaintiff's race was a substantial causative factor in Defendants' decision to discharge Plaintiff.

39. Accordingly, Plaintiff hereby asserts an MCLA §37.2202 race discrimination discharge claim against Defendants.

WHEREFORE, Plaintiff prays for Judgment against Defendants for damages in

such sum as the Jury deems just, together with costs and interest.  The said damages should include all damages allowed by law, including compensatory damages, punitive damages and attorney fees under 42 USC §1988.

## RELIANCE UPON JURY DEMAND

Plaintiff hereby demands a jury under Rule 38 of the Federal Rules of Civil Procedure.


s/Glen N. Lenhoff  
LAW OFFICE OF GLEN N. LENHOFF  
328 South Saginaw Street, 8-North  
Flint, Michigan  48502  
(810) 235-5660  
lenhofflaw@usol.com  
(P32610)  
Date:  01/23/2015

s/Michael E. Freifeld  
LAW OFFICE OF GLEN N. LENHOFF  
328 South Saginaw Street, 8-North  
Flint, Michigan  48502  
(810) 235-5660  
lenhofflaw@usol.com  
(P48198)  
Date:  01/23/2015